# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GREGORY REGINALD JYNES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1062** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION "O"(3)** |

## ORDER

The Court, having considered the Complaint, the record, the applicable law, the Report and Recommendation of Partial Dismissal of the United States Magistrate Judge, Rec. Doc. 15, and the failure of plaintiff to file an objection to the Magistrate Judge's Report and Recommendation of Partial Dismissal, hereby approves the Report and Recommendation of Partial Dismissal of the United States Magistrate Judge and adopts it as its opinion in this matter.[1] Therefore,

**IT IS HEREBY ORDERED** that plaintiff's federal civil rights claims against defendants the Orleans Parish Sheriff's Office, Orleans Justice Center, the Medical Department, Deputy Rodriguez, SRT Officer Harris, and SRT Officer Patton, Sheriff

---

[1] The Court adopts the Report and Recommendation with three clarifying amendments. First, on page 36 of the Report and Recommendation, the second sentence of the third paragraph is amended to state: "As such, Jynes's *First Amendment* claim against Sheriff Hutson in her official capacity should be allowed to proceed pending further development." ECF No. 15 at 36 (emphasis added in italics). Second, at the bottom of page 37, below the phrase "*in forma pauperis* pursuant to 28 U.S.C. § 1915," the following paragraph is added: "**IT IS FURTHER RECOMMENDED** that Jynes's federal civil rights claims for failure to protect on January 30, 2025 against Sheriff Hutson in her official capacity are **DISMISSED WITH PREJUDICE.**" *Id.* at 37. Third, the final recommendation, which begins at the bottom of page 37 and extends onto page 38, is amended to state: "**IT IS FURTHER RECOMMENDED** that Jynes's federal civil rights claims for failure to protect on January 30, 2025 against Giovingo, Duncan, Brown, Lewis, Ahmad in their individual capacities, and violation of the First Amendment right to free exercise of religion against Jones, Giovingo, Williams, Stevenson, and Ahmad in their individual capacities, and Sheriff Hutson in her *official* capacity, be allowed to proceed at this time pending further development." *Id.* at 38 (emphasis added in italics).

Hutson in her individual capacity, and Assistant Sheriff Ahmad Classification Officer Duncan, Lieutenant Brown, Michael Lewis, Captain Jones, Sergeant Dunn, Pod Officer Williams, and Pod Officer Stevenson, in their official capacities, are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's February 4, 2025 and April 16, 2025 federal civil rights claims for failure to protect, the claims relating to May 13–15, 2025, as well as his claims of access to courts, retaliation, and deprivation for personal property are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's federal civil rights claims related to the May 25, 2025 incident are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust under 42 U.S.C. § 1997e, but **WITH PREJUDICE** for purposes of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's federal civil rights claims for failure to protect on January 30, 2025 against Sheriff Hutson in her official capacity are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's federal civil rights claims for failure to protect on January 30, 2025 against Giovingo, Duncan, Brown, Lewis, Ahmad in their individual capacities, and violation of the First Amendment right to free exercise of religion against Jones, Giovingo, Williams, Stevenson, and Ahmad in their individual capacities, and Sheriff Hutson in her official capacity, are allowed to proceed at this time pending further development.

New Orleans, Louisiana, this 26th day of January, 2026.

                                            BRANDON S. LONG
                                            UNITED STATES DISTRICT JUDGE