**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREGORY REGINALD JYNES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1062** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL** | **SECTION: N** |

**ORDER AND REASONS**

Before this Court is a Report and Recommendation from the Magistrate Judge[1] on a Motion to Dismiss for Failure to State a Claim by defendants.[2] Plaintiff Gregory Jynes opposed the motion,[3] and he filed an Objection[4] to the Report and Recommendation. After *de novo* review of the parties' memoranda, the record, the Report and Recommendation, and applicable law, the Court hereby adopts the Report and Recommendation and overrules Jynes's objections in part.

## I. Legal Standard

According to Federal Rule of Civil Procedure 72, a district court judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."[5] The district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[6]

---

[1] Rec. Doc. 48.
[2] Rec. Doc. 39.
[3] Rec. Doc. 47.
[4] Rec. Doc. 49.
[5] Fed. R. Civ. P. 72 (a)(3).
[6] *Id.*

## II. Legal Analysis

First, the Magistrate Judge recommended that the defendants' motion to dismiss be denied without prejudice to defendants' ability to reassert the exhaustion claim in a properly supported motion for summary judgment.[7] No party objected to this recommendation. As a matter of judicial efficiency and because of this lack of objection, the Court adopts sections III.A and III.B of the Report and Recommendation.[8]

Second, in connection with the Court's frivolousness review, the Magistrate Judge recommended two separate dismissals: (1) the dismissal with prejudice of Jynes's civil rights claims for compensatory relief relating to his First Amendment right to free exercise of religion against Jones, Giovingo, Williams, Stevenson, and Ahmad, individually, and Sheriff Hutson, officially; and (2) the dismissal with prejudice of Jynes's claims for declaratory and injunctive relief relating to his civil rights claim for failure to protect on January 30, 2025, against Giovingo, Duncan, Brown, Lewis, and Ahmad, individually. Jynes has no written objection to the latter dismissal—his civil rights claims for declaratory and injunctive relief. The Court adopts the Magistrate Judge's reasoning in regard to that issue.[9]

Jynes does object to the dismissal of his First Amendment claims for compensatory and nominal or punitive damages. He raises two arguments in support of his claims for compensatory damages in relation to the alleged violation of his First

---

[7] *See* Rec. Doc. 48.
[8] *Id.* at 7-12.
[9] *Id.* at 14-15.

Amendment rights. First, he alleges that the requisite physical harm that he suffered is "intertwined" with his failure-to-protect claim.[10] In particular, he argues that "but-for his religious activities on Tier 4B and his filing of grievances to assert his religious accommodation request, Mr. Jynes would not have been moved into harm's way."[11] Second, Jynes argues that other circuit courts have held that §1997e(e)'s requirement of physical injury does not apply to First Amendment claims.[12]

The Report and Recommendation correctly concluded that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), precludes monetary relief for First Amendment claims where, as here, there is a lack of physical injury.[13] The Court finds Jynes's arguments in response unpersuasive. The Fifth Circuit has squarely held that the PLRA bars recovery of compensatory damages by prisoners alleging a constitutional violation absent physical injury, including First Amendment violations.[14] Jynes does not allege that he suffered any physical injury as a result of defendants preventing him from practicing his religion. Jynes's assertion that the physical injury requirement is satisfied by the alleged harm suffered by his failure-to-protect claim is too attenuated of a conclusion. Indeed, Jynes cites no case law in which the alleged physical harm was analogously attenuated to a First Amendment claim. That he later allegedly suffered physical injury at the hands of fellow inmates when he was moved to a different housing section "at least part[ly]" to minimize his

---

[10] Rec. Doc. 49.
[11] *Id.* at 2.
[12] *Id.* at 3.
[13] Rec. Doc. 48 at 13.
[14] *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005); *see also Allen v. Stalder,* 201 F. App'x 276 (5th Cir. 2006).

religious activities in his then-current housing section is insufficient. Under the traditional standing analysis, a plaintiff's injury must be fairly traceable to the challenged action of the defendant—"'and not the result of the independent action of some third party not before the court.'"[15] Such physical harm is more properly considered harm underlying his failure-to-protect claim.[16] The Court thus agrees with the Report and Recommendation that Jynes has failed to allege physical injury resulting from the defendants allegedly preventing him from practicing his religion in any of his complaints or other filings. Accordingly, the Court adopts the recommendation that Jynes's request for compensatory damages as to his First Amendment claims should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.[17]

Jynes also objects to the supposed dismissal of his claims for nominal or punitive damages for the alleged violation of his First Amendment rights. Neither defendants' motion to dismiss, nor the Report and Recommendation seeks or recommends the dismissal of his First Amendment claim to the extent he requests these forms of relief. Jynes cites *Hutchins v. McDaniels*, where the Fifth Circuit concluded that an incarcerated individual could recover nominal or punitive damages, despite not suffering physical injury sufficient to recover compensatory damages under § 1997e(e), in relation to the alleged violation of his Fourth

[15] *Reule v. Jackson*, 114 F.4th 360, 366-67 (5th Cir. 2004) (quoting *Bennett v. Spear*, 520 U.S. 154, 167 (1997)).
[16] *Compare, e.g.*, *Mayfield v. Texas Dep't of Crim. Just.*, 529 F.3d 599, 605 (5th Cir. 2008) (holding that the prisoner's First Amendment claims for compensatory damages were barred by the PLRA because he did not suffer physical injury), *with Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (physical harm suffered by the prisoner was brought in connection with a failure-to-protect claim).
[17] Rec. Doc. 48 at 13-14.

Amendment rights.[18] This decision followed from the Circuit's existing precedent recognizing that application of § 1997e(e) turns on the type of relief sought, allowing injunctive and declaratory relief despite § 1997e(e), and allowing punitive and nominal damages in non-prison settings.[19] While the Court makes no determination of whether Jynes's claims for such relief might be subject to a later motion, they remain in the case at present.

## III. <u>Conclusion</u>

For the foregoing reasons,

**IT IS ORDERED** that Defendant Gregory Reginald Jynes's Objection[20] to the Report and Recommendation of the United States Magistrate Judge is **OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that the Court **APPROVES** the Report and Recommendation[21] and **ADOPTS** it as its opinion in this matter.

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss Pursuant to F.R.C.P. Rule 12(B)(6)[22] is **DENIED WITHOUT PREJUDICE** to defendants' ability to reassert the exhaustion claim in a properly supported motion for summary judgment.

**IT IS FURTHER ORDERED** that Jynes's federal civil rights claims for compensatory damages relating to his First Amendment right to free exercise of

---

[18] *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).
[19] *Id.* (citing *Geiger*, 404 F.3d at 375, *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).
[20] Rec. Doc. 49.
[21] Rec. Doc. 48.
[22] Rec. Doc. 39.

religion against defendants Jones, Giovingo, Williams, Stevenson, and Ahmad, in their individual capacities, and Sheriff Hutson, in her official capacity, be **DISMISSED WITH PREJUDICE**. This dismissal does not apply to the claims to the extent Jynes seeks punitive and nominal damages.

**IT IS FURTHER ORDERED** that Jynes's claims for declaratory and injunctive relief as they relate to his federal civil rights claim for failure to protect or failure to protect him on January 30, 2025, against Giovingo, Duncan, Brown, Lewis, and Ahmad, in their individual capacities, be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Jynes's federal civil rights claim for monetary damages for failure to protect on January 30, 2025, against Giovingo, Duncan, Brown, Lewis, and Ahmad, in their individual capacities, be allowed to proceed.

**NEW ORLEANS, LOUISIANA**, this 14th day of September, 2026.

Anna St John

**ANNA ST. JOHN**
**UNITED STATES DISTRICT JUDGE**